UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Arthur Woodson,                                                                       Civ. No. 15-1216 (PAM/TNL)

                Petitioner,

v.                                                                                             **MEMORANDUM AND ORDER**

Denese Wilson, Warden,

                Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung dated April 16, 2015 (Docket No. 5). The R&R recommends denial of the Petition for Writ of Habeas Corpus and of Petitioner's Application to Proceed In Forma Pauperis. Petitioner filed timely objections to the R&R. (Docket No. 6).

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). For the reasons discussed below, the Court adopts the R&R and dismisses the Petition without prejudice.

**BACKGROUND**

Petitioner is an inmate at the Federal Correctional Institution at Sandstone, Minnesota. In this Petition, he challenges the sentence imposed on him in the Eastern District of Wisconsin, on the basis that the sentencing court erroneously applied a career offender enhancement to him and failed to afford him a jury trial on whether such an enhancement

should apply. The legal underpinning for Petitioner's arguments are two recent Supreme Court cases, Descamps v. United States, 133. S. Ct. 2276 (2013), and Alleyne v. United States, 133 S. Ct. 2151 (2013). Neither case, however, is retroactively applicable on collateral review, nor does either case mandate the relief Petitioner seeks. Therefore, as Magistrate Judge Leung correctly found, the Petition fails both procedurally and substantively.

**DISCUSSION**

Petitioner does not dispute that he challenges his conviction and sentence and that a motion under 28 U.S.C. § 2255, brought in the court of conviction, is the appropriate vehicle for this challenge. He has already brought one § 2255 motion, which the Wisconsin court denied, and thus he is foreclosed from bringing another absent permission from the Seventh Circuit Court of Appeals. Id. § 2255(h). He contends, however, that § 2255 is not the exclusive remedy for the challenge he brings here because § 2255 is "inadequate or ineffective to test the legality" of his detention. 28 U.S.C. § 2255. But as the R&R discussed, § 2255's savings clause will apply only if Petitioner can show that there is a new rule of law that has been found to apply retroactively on collateral review. (R&R at 5 (citing, among other cases, Bryant v. Warden, 738 F.3d 1253, 1274 (11th Cir. 2013).)

Petitioner objects that the R&R did not independently determine whether the Supreme Court's decision in Descamps, and the related decisions in Johnson v. United States, 559 U.S. 133 (2010), and United States v. Castleman, 134 S. Ct. 1405 (2014), apply retroactively to cases on collateral review. But the test is not whether this Court believes that the decisions

should apply retroactively. The test is whether the Supreme Court itself has determined that a new rule of law applies retroactively. See In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (holding that, to trigger the savings clause, "the change of law has to have been made retroactive by the Supreme Court"). As the R&R found, the Supreme Court has not made such a determination with respect to the principles announced in Descamps and related cases, and the courts that have considered the issue have decided that the Supreme Court is not likely to make Descamps retroactively applicable. (R&R at 6-7.)

Petitioner's second objection is that the R&R focused on the Alleyne decision, but the second ground of his Petition was based on an earlier Supreme Court decision, that of Blakely v. Washington, 524 U.S. 296 (2004). Putting aside that the Petition in fact relies on Alleyne, the R&R's focus on Alleyne is not erroneous. Alleyne merely applied Blakely's determination that a jury, not a judge, must determine the existence of an aggravating circumstance that increases a criminal defendant's sentence beyond the statutory maximum. Blakely, 524 U.S. at 304-05. Neither of these decisions have any applicability here, because Petitioner's sentence was not above the statutory maximum. Moreover, these decisions stem from Apprendi v. New Jersey, 530 U.S. 466 (2000), which held specifically that the fact of prior convictions need not be submitted to the jury. See id. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added). Petitioner challenges the sentencing court's use of the fact of a prior conviction to increase his criminal history score, but this is permissible under Apprendi,

3

Blakely, and Alleyne.

Finally, even assuming all of Petitioner's claims have legal merit, he has utterly failed to address the R&R's ultimate conclusion, which is that Petitioner is foreclosed from bringing the instant Petition because he has already had the opportunity to present his challenges in a previous collateral attack on his sentence. (R&R at 8.) The Supreme Court had issued both Descamps and Alleyne before Petitioner filed his first § 2255 motion in the sentencing court. Having had one unobstructed procedural opportunity to raise these arguments, he is not entitled to raise them in this second habeas petition.

## CONCLUSION

A § 2241 petition is not the appropriate vehicle for the challenges Petitioner seeks to raise here. And those challenges lack legal merit in any event. Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 5) is **ADOPTED**;
2. Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) is **DISMISSED without prejudice**; and
3. Petitioner's Application to Proceed Without Prepaying Fees or Costs (Docket No. 2) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 28, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge